IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    vs.<br><br>LARON HAWKINS,<br><br>                Defendant. | **8:13CR343**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the defendant's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, Filing No. 38. This is Hawkins's first § 2255 motion. The court held a hearing on the motion on June 22, 2016.

I.    BACKGROUND

Hawkins entered a plea of guilty to a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) and was sentenced to a term of imprisonment of 75 months, concurrent to the 12 month sentence he received in Case No. 8:11CR400 for a violation of supervised release. Filing No. 35, Judgment. His sentence was enhanced under U.S.S.G. §§ 2K2.1 and 4B1.2(a)(2) for a felony conviction for a crime of violence, that is, burglary. See Filing No. 33, Presentence Investigation Report (sealed) ("PSR") at 5.

The record shows that, in the PSR, the Probation Office calculated the defendant's base offense level to be 20 under U.S.S.G. § 2K2.1(a)(4)(A) for committing the offense subsequent to sustaining one felony conviction of either a crime of violence, burglary, plus a two-level increase for possession of a stolen weapon under U.S.S.G. 2K2.1(b)(4), less three levels for acceptance of responsibility under U.S.S.G. § 3E1.1,

for a total offense level of 19. Filing No. 33, PSR at 5. Based on the assessment of 13 criminal history points, he was found to have a criminal history category of VI, resulting in a sentencing range of 63 to 78 months. *Id.* at 4-11, 15. He was also charged with a violation of supervised release in Case No. 8:11CR400 and was sentenced to a concurrent term of 12 months for the violation. *United States v. Hawkins*, No. 8:11CR400, Filing No. 66, Amended Judgment.

Absent the enhancement for committing the offense after a conviction for a violent felony, the defendant's Guidelines total offense level would have been 13 (representing a base offense level of 14 under U.S.S.G. 2K2.1(a)(6), plus 2 for a stolen weapon under U.S.S.G. 2K2.1(b)(4), less 3 for acceptance of responsibility under U.S.S.G. 3E1.1) resulting in a Guidelines sentencing range at criminal history category VI of 33 to 41 months. The defendant has been in custody since October 2, 2013, and has served close to 33 months. Filing No. 9, arrest warrant returned executed (restricted).

The defendant seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that imposing an increased sentence pursuant to the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), violates due process under the Fifth Amendment. *Johnson*, 135 S. Ct. at 2563. The ACCA provides three definitions of a "violent felony." 18 U.S.C. § 924(e)(2)(B). It refers to any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (the "elements clause" or "force clause"). It also covers any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves

conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The first 9 words of that subsection are called the "enumerated crimes clause," and the last 13 are called the "residual clause." See id. The Supreme Court found the residual clause unconstitutionally vague, but did not invalidate the elements clause or the enumerated crimes of the ACCA's definition of a violent felony. Johnson, 135 S. Ct. at 2563. The Guidelines definition of a crime of violence contains the same definitions. U.S.S.G. § 4B1.2(a)(1) & (2). The decision in Johnson was given retroactive effect on collateral review by the Supreme Court. Welch v. United States, 136 S. Ct. 1257, 1265 (April 18, 2016).

Hawkins contends that he was sentenced improperly under the Guidelines career-offender provisions, arguing that his conviction for burglary no longer qualifies, post-Johnson, as a "crime of violence" under either the residual or the force clauses, and also does not equate to the enumerated offense of generic burglary under this court's precedent.[1] The government has conceded that Johnson applies to both ACCA and Guidelines sentences pending on direct appeal, and to initial collateral attacks on ACCA-enhanced sentences. See Filing No. 41, Government Brief at 3-4. The government argues, however, that the Johnson decision is not retroactive with respect to a collateral challenge to a Guidelines-enhanced sentence. Id. at 4. It contends that "Johnson is retroactive in ACCA cases because the defendant is subjected to a punishment that the law does not allow" and is "not retroactive in Guidelines cases

---

[1] See, e.g., United States v. Cornejo-Lopez, No. 8:15CR46, 2015 WL 7274060, at *7 (D. Neb. Nov. 17, 2015) (burglary does not qualify as a predicate offense under the enumerated crimes clause); United States v. Richards, No. 8:13CR371, 2014 WL 6686783, at *11 (D. Neb. Nov. 26, 2014) (attempted burglary does not qualify as a predicate offense under the enumerated crimes clause).

because in every Guidelines case the sentence imposed was within the statutory maximum and the possibility exists that at resentencing the same sentence could be imposed as a reasonable sentence under 18 U.S.C. § 3553(a)." *Id.* Thus, it argues that "the rule announced in *Johnson* is procedural when applied to collateral attacks of Guideline sentences and therefore not retroactive." *Id.* Alternatively, if the court finds *Johnson* applicable to a challenged Guidelines sentence, the government seeks to reopen the sentencing for a determination of whether burglary is a crime of violence as an enumerated crime under the Guidelines provision. It argues for application of the modified categorical approach to determine whether Hawkin's conviction for burglary matched the elements of the generic crime.[2]

II.  LAW

The court must first determine whether the *Johnson* holding is applicable to the Guidelines career-offender provision, which is identical to the ACCA provision that was invalidated in *Johnson*, and if so, whether the new substantive rule announced in *Johnson* can be retroactively applied on collateral review in a case involving a challenge to a Guidelines-enhanced sentence. Second, the court must determine whether a conviction for burglary under Nebraska law is a crime of violence.

A.  Section 2255 standards

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who moves to vacate, set aside or correct his sentence on any of the following grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2)

---

[2] As discussed *infra* at 13-15, that argument is foreclosed by the Supreme Court's decision in *Mathis v. United States*, No. 15-6092, 2016 WL 3434400, at *3 (June 23, 2016).

that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). 28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice. *See Poor Thunder v. United States*, 810 F.2d 817, 821–22 (8th Cir.1987).

The harmless error standard of review applies to § 2255 motions. *United States v. Clay*, 720 F.3d 1021, 1027 n.5 (8th Cir. 2013). Under that standard, a constitutional error does not require reversal of conviction unless the petitioner can show that the error was of such magnitude as to have a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). "When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error" and can be relied upon by a defendant to show an effect on his substantial rights. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345, 1349 (2016) (involving an unpreserved error on direct appeal); *see United States v. Robinson*, No. 15-1697, 2016 WL 3407698, at *2 (8th Cir. June 21, 2016) (finding a reasonable probability that absent the error the defendant would have received a

shorter sentence, and concluding that the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings).

      B.  Constitutionality of Guidelines Residual Clause

"Since *Johnson*, federal courts have grappled with the unresolved question of whether the Guidelines' residual clause is also unconstitutionally vague." *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *3 (6th Cir. May 13, 2016). "Whether an advisory sentencing guideline is susceptible to a vagueness challenge is an open question in this circuit." *Donnell v. United States*, No. 15-2581, 2016 WL 3383831, at *1 (8th Cir. June 20, 2016); *see United States v. Ellis*, 815 F.3d 419, 421 (8th Cir. 2016); *United States v. Taylor*, 803 F.3d 931, 932 (8th Cir. 2015) (acknowledging that the Court's "reasoning in *Wivell [v. United States*, 893 F.2d 156, 159 (8th Cir. 1990)] that the Guidelines cannot be unconstitutionally vague . . . is doubtful after *Johnson*," but leaving it to the district court to decide in the first instance on remand whether the Guidelines' residual clause is unconstitutional).

  Several circuits have held that the rationale expressed in *Johnson* with respect to the ACCA provision is equally applicable to the Guidelines. *See United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *4 (finding *Johnson's* rationale applies with equal force to the Guidelines' residual clause); *United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015) (holding that *Johnson* renders the Guidelines' residual clause unconstitutionally vague); *United States v. Harbin*, 610 Fed. App'x 562 (6th Cir. 2015) (Mem.) (unpublished opinion) (finding that offenders sentenced under the residual clause of the Guidelines are "entitled to the same relief as offenders sentenced under the residual clause of the ACCA"); *United States v. Townsend*, No. 14-3652, 2015 WL

6

9311394, at *4 & n.14 (3d Cir. Dec. 23, 2015) (same).  Other courts have accepted the government's concession that *Johnson* applies, or proceeded on the assumption that it does, and remanded for resentencing.  *See, e.g., United States v. Soto-Rivera,* 811 F.3d 53, 59 (1st Cir. 2016)*; United States v. Welch,* Nos. 12–4402–CR (L), 12–5004–CR (Con), 2016 WL 536656 (2d Cir. Feb. 11, 2016) (summary order); *United States v. Benavides,* 617 Fed. App'x 790, 790 (9th Cir. 2015); *Ramirez v. United States,* 799 F.3d 845, 856 (7th Cir. 2015) (proceeding on the assumption that the Supreme Court's reasoning applies to section 4B1.2 as well); *United States v. Maldonado*, No. 12–3487–cr, 2016 WL 229833, at *3 (2d Cir. Jan. 20, 2016) (proceeding "on the assumption that the Supreme Court's reasoning with respect to the ACCA's residual clause applies to the identically worded Guideline § 4B1.2(a)(2)'s residual clause") .  Only one circuit has affirmatively held that the Guidelines are not affected by *Johnson*.  *United States v. Matchett*, 802 F.3d 1185, 1193–96 (11th Cir.2015) (holding that the Guidelines are not susceptible to vagueness challenges and declining to invalidate § 4B1.2(a)(2)).[3]  The Supreme Court has recently granted certiorari on the issue of whether *Johnson* renders the Guidelines' residual clause void for vagueness, such that *Johnson*-based challenges in that context are cognizable in § 2255 proceedings as well as whether *Johnson* applies retroactively to sentences enhanced under the Guidelines' residual clause.  *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (June 27, 2016).

---

[3] That decision relied on *United States v. Tichenor*, 683 F.3d 358, 364 (7th Cir. 2012) and *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990)).  *See Matchett*, 802 F.3d at 1194-95.  The Eighth Circuit has acknowledged that *Wivell* is no longer good law.  *See Taylor*, 803 F.3d at 933.  *Tichenor* was decided before the Supreme Court rejected the notion that the Guidelines were merely "guideposts" that lacked the "force and effect of laws," explaining that the Guidelines "anchor both the district court's discretion and the appellate review process."  *Peugh v. United States*, 133 S. Ct. 2072, 2085-87 (2013).

The court agrees with those courts that have either held or assumed that *Johnson* makes language in § 4B1.2(a)(2) that is identical to that in the ACCA unlawful. *See Pawlak*, No. 15-3566, 2016 WL 2802723, at *8; *Madrid*, 805 F.3d at 1211; *Townsend*, No. 14-3652, 2015 WL 9311394, at *4. In *Johnson*, the Supreme Court held that the language—"otherwise involves conduct that presents a serious potential risk of physical injury to another"—was "hopelessly indeterminate" and "vague in all its applications." *Johnson*, 135 S. Ct. at 2561. "The *Johnson* Court observed that '[t]wo features of the residual clause conspire to make it unconstitutionally vague': first, the clause 'leaves grave uncertainty about how to estimate the risk posed by a crime' by tying 'the judicial assessment of risk to a judicially imagined "ordinary case" of a crime, not to real-world facts or statutory elements'; and second, it 'leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony.'" *Pawlak*, No. 15-3566, 2016 WL 2802723, at *2 (quoting *Johnson*, 135 S. Ct. at 2557-58). Specifically, the Court concluded that the "residual clause . . . invites arbitrary enforcement by judges" and thus "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson*, 135 S. Ct. at 2557. The Guidelines are subject to constitutional challenge "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Peugh v. United States*, 133 S. Ct. 2072, 2082 (2013) (finding "[a] retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation.").

"[T]he identical language of the Guidelines' residual clause implicates the same constitutional concerns as the ACCA's residual clause." *Pawlak*, No. 15-3566, 2016 WL

8

2802723, at *8. "[T]he void-for-vagueness doctrine derives from" the Due Process notice requirement "that the law inform the public of what conduct is prohibited and the consequences of such conduct ("ex ante notice")," rather than the separate Due Process requirement, even if the law clearly notifies the public of prohibited conduct, that the government "provide a defendant with notice of the allegations and an opportunity to respond ("adversarial notice")." *Id.* It is with respect to the second category that there are arguable distinctions between advisory Guidelines provisions and statutory provisions. Cf. *Irizarry v. United States,* 128 S. Ct. 2198, 2199 (2008) (under advisory Guidelines, neither the government nor the defendant may place the same degree of reliance on the type of expectancy that gave rise to due process concerns and a special need for notice under the mandatory Guidelines).

Also, the prohibition against Ex Post Facto laws involved in *Peugh*, 133 S. Ct. at 2085, and the due process prohibition against vague criminal statutes involved in *Johnson*, 135 S. Ct. at 2556-57, are both concerned with fair warning and the applicable rules of law. See *Johnson*, 135 S. Ct. at 2556-2557 ("The prohibition of vagueness . . . 'is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law[.]'") (quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)); *Peugh*, 133 S. Ct. at 2085 ("The [Ex Post Facto] Clause ensures that individuals have fair warning of applicable laws . . . ."). Just as the Constitution prohibits imposing a harsher sentence based on a guideline that has changed after the crime, *Peugh*, 133 S. Ct. at 2088, it also prohibits imposing a harsher sentence based on a guideline that is so vague that its application is both unpredictable and arbitrary. See *Johnson*, 135 S. Ct. at 2557. "Given [the] reliance on the ACCA for guidance in

interpreting § 4B1.2, it stretches credulity to say that [the Court] could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA." *Madrid*, 805 F.3d at 1211 (stating that "if one iteration of the clause is unconstitutionally vague, so too is the other").[4]  In short, the court agrees with the rationale of the cases stating that *Johnson's* holding applies to a Guidelines enhanced sentence.

      C.      Retroactivity[5]

The Supreme Court's "decision in *Welch* [*v. United States*, 136 S. Ct. 1257, 1265-66 (2016)] declared unequivocally that *Johnson* was 'a substantive decision and so has retroactive effect under *Teague* in cases on collateral review.'" *In re Hubbard*, No. 15-276, 2016 WL 3181417, at *6 (4th Cir. June 8, 2016) (quoting *Welch*, 136 S. Ct. at 1265).  The court is not aware of any case that supports the proposition that a rule can be substantive in one context but procedural in another.  *See id.*  Generally, a rule

---

[4] In fact, in *Johnson*, the Supreme Court relied on four lower court decisions that interpreted the identical language in § 4B1.2(a)(2) to demonstrate that it "has proved nearly impossible" for the lower courts to "mak[e] sense of the residual clause." *Johnson*, 135 S. Ct. at 2559-60 (analyzing *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013), *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010), *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010), and *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)).  The Supreme Court noted that the "most telling feature" of these decisions was "pervasive disagreement about the nature of the inquiry one is supposed to conduct and the kinds of factors one is supposed to consider" and stated "[i]nvoking so shapeless a provision to condemn someone to prison for 15 years to life does not comport with the Constitution's guarantee of due process." *Id.* at 2560.

[5] The circuits are split on whether individuals sentenced under identical language in the Sentencing Guidelines presenting a *Johnson* claim have made a sufficient prima facie showing to warrant authorization for a second or successive petition.  *Compare In re Griffin*, No. 16-12012-J, 2016 WL 3002293, at *4 (11th Cir. May 25, 2016) (denying authorization for second § 2255 petition), and *In re Arnick*, No. 16-10328, 2016 WL 3383487, at *1 (5th Cir. June 17, 2016) (denying motion for leave to file a successive petition, noting that even if *Johnson* does implicate Section 4B1.2(a)(2), the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review); *with In re Hubbard*, No. 15-276, 2016 WL 3181417, at *2 (4th Cir. June 8, 2016) (granting authorization); *In re Encinias*, No. 16-8038, 2016 WL 1719323, at *2 (10th Cir. April 29, 2016) (same).  The present case involves an initial § 2255 petition that is not barred as successive.

that is substantive in the statutory context is substantive in the Guidelines context. *See Reina–Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011) (holding that the decision that a burglary conviction did not meet the requirements to enhance a defendant's sentence as a career offender was a substantive rule that applied retroactively).

"New constitutional rules announced by [the Supreme] Court that place certain kinds of primary individual conduct beyond the power of the States to proscribe, as well as 'watershed' rules of criminal procedure, must be applied in all future trials, all cases pending on direct review, and all federal habeas corpus proceedings." *Danforth v. Minnesota*, 552 U.S. 264, 266 (2008). In *Welch*, the Supreme Court "noted that '[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering "the range of conduct or the class of persons that the [Act] punishes."'" *In re Hubbard*, No. 15-276, 2016 WL 3181417, at *6 (quoting *Welch*, 136 S. Ct. at 1265).

"*Johnson* is not a procedural decision." *Welch*, 136 S. Ct. at 1265 (internal citations omitted). "*Johnson* had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Armed Career Criminal Act." *Id.*

The court finds that the *Welch* rationale applies equally to the Guidelines enhancement. *See Hubbard*, No. 15-276, 2016 WL 3181417, at *7 (authorizing successive § 2255 challenge to 18 U.S.C. § 16(b), as incorporated into the Sentencing Guidelines, "because it is for the district court to determine whether the new rule [announced in Johnson] extends to the movant's case, not for this court in this

proceeding"). *Johnson* is a substantive rule whether a defendant is challenging an ACCA enhancement, a mandatory Guidelines enhancement, or an advisory Guidelines enhancement. *See id.* Striking down the identically worded and interchangeably interpreted residual clause in the Sentencing Guidelines would alter the range of conduct or the class of persons that the Sentencing Guidelines punishes—"[t]hat is, the 'substantive reach' of the Sentencing Guidelines would be altered just as much as was true for the ACCA." *Id.* If *Johnson* invalidates the Guidelines provision, "some crimes will no longer fit the Sentencing Guidelines' definition of a crime of violence and will therefore be incapable of resulting in a career-offender sentencing enhancement." *Id.* (quoting *Frazer v. South Carolina,* 430 F.3d 696, 704 n.4 (4th Cir. 2005)).

The fact that application of the Guidelines enhancement does not alter a statutory sentencing range is of no consequence because "although available sentences are technically controlled by statute, the Sentencing Guidelines hardly represent a mere suggestion to courts about the proper sentences a defendant should receive." *Hubbard*, No. 15-276, 2016 WL 3181417, at *7. "'The federal system adopts procedural measures intended to make the Sentencing Guidelines the lodestone of sentencing.'" *Id.* (quoting *Peugh v. United States*, 133 S. Ct. 2072, 2084, 2088 (2013) (expressly describing the Sentencing Guidelines as "the substantive 'formula' used to calculate the applicable sentencing range"); *see also Molina–Martinez v. United States,* 136 S. Ct. 1338, 1345 (2016) (stating "[t]he Guidelines' central role in sentencing means that an error related to the Guidelines can be particularly serious" and noting the real and pervasive effect the Guidelines have on sentencing). "When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's

12

ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error" and can be relied upon by a defendant to show an effect on his substantial rights. *Molina-Martinez*, 136 S. Ct. at 1345, 1349. "Post-*Johnson* and *Peugh*, the fact that the Guidelines are not mandatory is a distinction without a difference."  *Pawlak*, No. 15-3566, 2016 WL 2802723, at *4.

Courts of Appeals have consistently held that other new rules that narrow the ACCA's residual clause apply retroactively in Guidelines cases.  See *United States v. Doe*, 810 F.3d 132, 154 & n.13 (3d Cir. 2015) (holding that *Begay v. United States*, 553 U.S. 137 (2008),[6] applies retroactively in Guidelines cases and stating "[u]nder *Teague*, either a rule is retroactive or it is not"); *Narvaez v. United States*, 674 F.3d 621, 625-26 (7th Cir. 2011) (holding that because *Begay* and *Chambers v. United States*, 555 U.S. 122 (2009)[7] announced substantive rules, those rules apply retroactively in Guidelines cases); *Brown v. Caraway*, 719 F.3d 583, 594-95 (7th Cir. 2013) (postconviction clarification in the law rendering a sentence unlawful is exception to rule that sentencing errors are not cognizable on collateral review); *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011) (holding that because its decision limiting the definition of burglary under the ACCA was substantive, it applies retroactively in Guidelines

---

[6] In *Begay*, the Supreme Court found that New Mexico's crime of "driving under the influence" fell outside the scope of the ACCA's clause. *Begay*, 553 U.S. at 148.

[7] The Supreme Court found that the Illinois failure-to-report offense did not have as element the use, attempted use, or threatened use of physical force, and did not involve conduct presenting a serious potential risk of physical injury to another, so as not to qualify as "violent felony" under the ACCA. *Chambers v. United States*, 555 U.S. at 130.

cases); *Rozier v. United States*, 701 F.3d 681 (11th Cir. 2012) ("The government concedes, and we take it as a given, that the Supreme Court's" decision interpreting the ACCA's elements clause "is retroactively applicable" in Guidelines cases.).

The court finds that *Johnson* announces a substantive rule that is retroactive to cases on collateral review. Under *Johnson*, the defendant's prior state court conviction for burglary no longer constitutes a "crime of violence" for purposes of the Guidelines' residual clause. *Johnson* substantively changes the conduct by which federal courts may enhance the sentence of a defendant under the Guidelines. Thus, *Johnson* does not "regulate only the manner of determining the defendant's culpability" like a procedural rule would. *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (a rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes—in contrast, rules that regulate only the manner of determining the defendant's culpability are procedural). Despite the fact that they are only advisory, the Guidelines remain "the lodestone of sentencing." *Peugh*, 133 S. Ct. at 2084. Hawkins was sentenced using what the Government concedes is an unconstitutional enhancement.

### D. Burglary under Nebraska Law as a Predicate Offense

The ACCA and the Guidelines define the term "violent felony" to include any felony, whether state or federal, that "is burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii); U.S.S.G. 4B1.2(a)(2). "In listing those crimes, [the Supreme Court has] held, Congress referred only to their usual or (in [the Court's] terminology) generic versions—not to all variants of the offenses." *Mathis v. United States*, No. 15-6092, 2016 WL 3434400, at *3 (June 23, 2016). "That means as to burglary—the offense

relevant in this case—that Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime.'" *Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)).

To determine whether a prior conviction is for generic burglary (or other listed crime), courts apply what is known as the categorical approach, focusing solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case. *Id.* "A crime counts as 'burglary' under the Act if its elements are the same as, or narrower than, those of the generic offense." *Id.* "But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Id.*

"The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or "indivisible") set of elements to define a single crime"—the court lines up that crime's elements alongside those of the generic offense and sees if they match.[8] *Id.* The key "is elements, not facts." *Descamps v. United States*, 133 S. Ct. 2276, 2292 (2013).

---

[8] "Some statutes, however, have a more complicated (sometimes called "divisible") structure, making the comparison of elements harder." *Mathis*, 2016 WL 3434400, at *4 (noting that a single statute may list elements in the alternative, and thereby define multiple crimes). With reference to those statutes, courts need a way to figure out which of the alternative elements listed were integral to the conviction at issue. *See id.* The Supreme Court "approved the 'modified categorical approach' for use with statutes having multiple alternative elements." *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005). Under the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* "The court can then compare that crime, as the categorical approach commands, with the relevant generic offense." *Id.* If an alternatively phrased law does not list multiple elements disjunctively, but instead "enumerates various factual means of committing a single element[,]"—i.e., "merely specifies diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense," the modified categorical approach is not appropriate. *Id.* at *4, *8.

15

"Under Nebraska law, 'a person commits burglary if such person willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value.'" *Richards*, No. 8:13CR371, 2014 WL 6686783, at *11 (quoting Neb. Rev. Stat. § 28–507). "The elements of burglary are contained in the statute." *Id.* Like the Iowa burglary statute at issue in *Mathis*, the Nebraska statute "itemize[s] the various places that crime could occur as disjunctive factual scenarios rather than separate elements." *Mathis*, No. 15-6092, 2016 WL 3434400, at *4. Such alternative means of committing an offense are "amplifying but legally extraneous circumstances"—not elements integral to a conviction, which would have to be found by a jury or admitted by a defendant. *See Descamps*, 133 S. Ct. at 2288; *see Mathis*, No. 15-6092, 2016 WL 3434400, at *4 (noting that "a jury need not make any specific findings (or a defendant admissions)" as to the place the crime occurred).

Accordingly, "the elements required to prove a Nebraska burglary offense are not the same as, nor are they narrower than, the elements required to prove a generic burglary." *Richards*, No. 8:13CR371, 2014 WL 6686783, at *15; *see Mathis*, No. 15-6092, 2016 WL 3434400, at *5 (holding that a similar Iowa statute "defines one crime, with one set of elements, broader than generic burglary—while specifying multiple means of fulfilling its locational element, some but not all of which (i.e., buildings and other structures, but not vehicles) satisfy the generic definition"). The Nebraska statute proscribes a broader range of conduct than the generic burglary offense. *Richards*, No. 8:13CR371, 2014 WL 6686783, at *14.

> The generic offense is limited to "breaking and entering" a "structure." The Nebraska statute criminalizes breaking and entering more than just structures, but includes real estate, which consists of buildings and land. Nebraska caselaw interprets the "breaking and entering" element to cover merely opening a door or a gate. A conviction in Nebraska could be for entry onto land via opening a gate. Nebraska defines burglary so broadly as to include conduct such as trespassing on undeveloped land with intent to commit a crime as long as there is a predicate breaking.

*Id.*

The Supreme Court has "often held, and in no uncertain terms, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense." *Mathis*, No. 15-6092, 2016 WL 3434400 at *6. Like the listed premises in Iowa's burglary law, the Nebraska burglary statute's listing of real estate or improvements thereon "are 'alternative method[s]' of committing one offense," in relation to the element of place, "so that a jury need not agree whether the burgled location was a building, other structure, or vehicle." *Mathis*, No. 15-6092, 2016 WL 3434400, at *10. Under *Mathis*, if listed alternatives in a statute are means rather than elements, the sentencing court "has no call to decide which of the statutory alternatives was at issue in the earlier prosecution . . . the court may ask only whether the elements of the state crime and generic offense make the requisite match." *Id.*

### E. Resentencing

The court finds the defendant is entitled to relief under § 2255 because, in light of *Johnson* and *Mathis,* he is serving an unauthorized sentence. Under *Johnson*, the crime cannot qualify as a violent felony under the now-invalidated residual clause of the Guidelines career-offender enhancement provision. Under the categorical approach

mandated in *Mathis*, the Nebraska crime of burglary does not qualify as a crime of violence under the force clause.

In resentencing a defendant who prevails on a § 2255 motion, the district court generally performs a fresh review of the 18 U.S.C. § 3553(a) factors. *See United States v. Estrada*, 777 F.3d 1318, 1323 (11th Cir. 2015) (per curiam) (ordering that, on remand for resentencing, "the district court shall consider all appropriate 18 U.S.C. § 3553(a) factors in determining a reasonable sentence"); *see United States v. Kirk*, 636 Fed. App'x 548, 551 (11th Cir. 2016) (stating that on remand, the district court must first recalculate the defendant's advisory guidelines range and then apply the § 3553(a) factors). The court will accordingly schedule another hearing to address the § 3553(a) factors.

IT IS ORDERED that:

1. The defendant's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (Filing No. 38) is granted;

2. A hearing before the undersigned is scheduled for July 14, 2016 at 11:30 a.m. in Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, NE.

DATED this 30th day of June, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge